## UNITED STATES OF AMERICA
### v.
## EDUARDO FLORES COLON.

San Juan, Criminal, No. 3234a.

Opinion filed March 24, 1924.

*Major Ira K. Wells,* United States District Attorney, for the United States.

*Mr. Eduardo Flores Colon* in propria persona.

ODLIN, Judge, delivered the following opinion:

The United States district attorney has asked this court to disbar Eduardo Flores Colon, an attorney at Ponce, and the case as amended presents two grounds. First, that E. Flores Colon obtained from this court a continuance of a hearing of a matter in which he was interested by a written statement to the judge of this court, and that the same was knowingly false. The second charge is based upon an affidavit signed by one Arturo Torres, formerly a merchant in the town of Barros, to the effect that he had employed the said E. Flores Colon as his attorney in the month of June, 1922, and that the said E. Flores Colon, in consideration of the sum of $100 received by the said attorney, borrowed by Arturo Torres from the brother of the latter, agreed to file proceedings in bankruptcy in this court; that the said E. Flores Colon kept the $100, never filed the bankruptcy proceedings, but represented to the said Arturo Torres that the reason why the bankruptcy proceedings had not been filed was that the Federal court was in vacation and that the said attorney was not able to do anything until the vacation of the Federal court ceased, at which time the said E. Flores Colon promised to present the case and proceed therewith. It is admitted that no case in bankruptcy was ever filed on behalf .of said Arturo Torres, and it is also admitted that said E. Flores Colon received and kept the $100.

344

The second ground I will dispose of first. During the recent term of this court at the city of Ponce, the said Arturo Torres testified, as well as the said attorney, E. Flores Colon, and the former swore that he had received a letter signed by the said attorney to the effect that the proceedings in bankruptcy had not been brought for the sole reason that the Federal court was in vacation, but that the proceedings would be brought as soon as the vacation ceased and the court opened for business. The attorney testified that he had never written any such letter, that he had never agred with said Arturo Torres to institute any bankruptcy proceedings in the Federal court, but that the $100 had been paid as compensation for services performed by the attorney for Arturo Torres in connection with other matters pending in one of the Insular courts of Porto Rico. Torres could not produce the letter. In view of this conflict of testimony and the absence of the letter and the very just and proper rule that no court should punish an attorney for misconduct unless the proof be clear, the second charge is dismissed and the said E. Flores Colon is exonerated.

Now, with regard to the first accusation. It is admitted that in the latter part of the year 1923 the said E. Flores Colon was duly cited to appear before his court at San Juan on January 12, 1924, at 9 A. M., which day fell on Saturday, being the regular motion day of this court, in connection with a proceeding which had been instituted against the said E. Flores Colon based upon certain bankruptcy proceedings in which he had acted as counsel. On Friday, January 11, the judge of this court received a letter dated and mailed by E. Flores Colon at Ponce on January 10, asking for a continuance of the proceedings from January 12 until a later date, for the reason that the

said E. Flores Colon would have to be in Ponce on January 12 to attend the trial of a case in the Insular district court at Ponce which had been set for trial *long before*. The undersigned judge was not satisfied with this letter, but of course had no knowledge that it was untrue, and therefore sent a telegram on January 11 to the said E. Flores Colon, which telegram is in the record, and reads as follows:

"San Juan, P. R., Jan. 11, 1924.

"E. Flores Colon, Ponce, P. R.

"I have vacated order for your appearance at San Juan tomorrow. Another date will be fixed shortly and you will be notified.

"Odlin, Judge."

This court desired to verify the statement of E. Flores Colon and therefore wrote to the Hon. Rafael Diaz Cintron, judge of the Insular district court of Ponce, in regard to this matter, which letter was answered on January 12, 1924, by Judge Cintron, stating that no case was set for trial before him on that date in which E. Flores Colon was an attorney.

This court listened with great care to the witnesses who testified in this case, only three in number. One witness was called by the United States District Attorney, his name being Mr. E. Gotay Purcel, the secretary or clerk of the Insular district court at Ponce. Two witnesses testified on behalf of the defendant, one of whom was Francisco Goday, the deputy clerk of the Insular district court of Ponce, and the said attorney, E. Flores Colon himself. This court also had the privilege of examining the original papers in a certain proceeding pending before the

Insular district court at Ponce, which original papers were loaned to this court for the purpose of the hearing through the courtesy of Judge Cintron. The case referred to was No. 12,071 of the Insular district court, being an action brought by the heirs of Santiago Rodriguez against the Workmen's Relief Commission of Porto Rico, the said E. Flores Colon being counsel for the plaintiff. The record of that case pending before the Insular district court does show what purports 'to be an application bearing the date of January 10, 1924, addressed to the clerk of the Insular district court of Ponce asking for a subpœna to issue to one of the witnesses of the plaintiff in that suit, directing said witness to appear at Ponce at 9 A. M., on the 12th of January. At the foot of this application there is a notation in Spanish, translation of which is as follows: "Caution: This date is a mistake. Case set for January 15, 1924. Flores Colon to be notified." Then comes the stamp showing that the paper was presented to the court, with a memorandum, translation of which is as follows: "Filed 10th of January, 1924. E. Gotay Purcel, Clerk, by F. Goday, Deputy Clerk."

So far as the record of the Ponce case shows up to this point, it would seem clear that Flores Colon on January 10 actually believed that he had a case set for trial on the 12th, and that on the 10th he asked the clerk to issue the subpœna. But the trouble with this defense is that the uniform custom of the Insular district court at Ponce is to keep all the papers in one single case fastened together, being sewed by thread passing through the paper along the left hand margin. The last two documents on the file or book of this case No. 12,071 of the Insular district court were the application of the said E. Flores Colon to have his case set for trial on January 15 and his cita-

tion for witnesses which were supposed to have been filed on January 10. I found the testimony of the deputy clerk to be very unsatisfactory, and it was quite clear to me that he was attempting to shield and protect the said E. Flores Colon. Exactly to the contrary was my impression of the testimony of the clerk of the court, Mr. Purcel. His intelligence and frankness and candor were very marked. He showed absolutely no animosity toward E. Flores Colon and no particular friendship for E. Flores Colon. His appearance on the witness stand was that of an important official of one court perfectly willing to enlighten as best he could a judge of another court seeking for facts. The clerk had no personal knowledge of these documents, their receipt and the joining of them to the record almost always being done by one of the assistant clerks. The clerk, however, Mr. Purcel, upon his own examination of the file stated that it was clear that there was no thread between the two papers which had been handed to the deputy clerk by E. Flores Colon, and that it would have been a physical impossibility to attach them to the original file separately. The condition of the record showed beyond all question that these two papers were attached to the record at the same time. It is a very significant fact that after the testimony of the clerk no witness whatever was called by E. Flores Colon to dispute or vary or impeach the evidence of the clerk.

I am compelled to decide this case upon the evidence of the clerk and the condition of the rcord. The rule prevailing in the district court at Ponce is invariable that when a paper is filed it is at once fastened to the record. It is also admitted that the notification card which was sent to the counsel for the Workmen's Relief Commission showed that the trial of this

case had been set for the 15th of January. On January 12 said counsel for the Workmen's Relief Commission, being then at San Juan, called Judge Cintron upon the telephone at Ponce and asked that the hearing be continued to a date later than January 15, 1924. This undisputed fact shows conclusively that counsel for the Workmen's Relief Commission had never been notified by the deputy clerk that the case was set for hearing on January 12. I am obliged to find that the deputy clerk, in order to help Flores Colon, prepared a notification card for Flores Colon *after* January 12, but fixing the date of trial for January 12, and that said deputy clerk made a false notation upon the record of the case at Ponce that there had been a mistake made.

It is with great reluctance that I find these facts, because it is indeed sad that an official of any court should falsify a record in order to befriend an attorney who finds that he has placed himself in a dangerous position by having made a false statement to a judge of another court. After hearing these witnesses at Ponce, and listening to them closely as I did, the conclusion comes irresistibly to my mind that E. Flores Colon did knowingly and wilfully write a false statement to the undersigned judge on January 10, 1924, and that thereafter, when he found himself in trouble thereby, induced the deputy clerk of the Insular district court at Ponce to attempt to manufacture evidence and falsify dates so as to make it appear that the letter of E. Flores Colon had been written in good faith, and not in bad faith.

In view of this conclusion, nothing remains but for this court to fix the penalty. The United States district attorney has asked for disbarment. I think that punishment is too serious

to impose in this instance. I would not like to deprive E. Flores Colon of the opportunity to rehabilitate himself and conduct himself honestly and cleanly hereafter as an attorney. The offense, however, which he has committed is too serious to be overlooked, and therefore some punishment must be imposed.

The commission of the present judge of this court will expire in about fourteen months, and it seems to me only fair that E. Flores Colon should have an opportunity to resume practice before the successor of the present judge, and re-establish himself as a decent and honorable member of the profession.

It is therefore the judgment of this court that the said E. Flores Colon be suspended from practice for the period of 14 months from this date, and that he pay the costs of this proceeding.

To this order and opinion the said E. Flores Colon excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 24th day of March, 1924.